IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL OKPOR,<br>    Plaintiff, | :<br>:<br>: |
| v. | :     CIVIL ACTION NO. 22-CV-0906 |
| | : |
| CONRAD J. BENEDETTO ESQ.,<br>    Defendant. | :<br>:<br>: |

MEMORANDUM

**BARTLE III, J.**                                                                                                                             **APRIL 13, 2022**

In this civil action, *pro se* Plaintiff Michael Okpor alleges that Conrad J. Benedetto, Esquire violated his civil rights by failing to attend a default judgment hearing on January 20, 2017. Okpor seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Okpor leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. Okpor's federal law claims will be dismissed with prejudice, and his state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.

I.       FACTUAL ALLEGATIONS

In his Complaint, Okpor names a single Defendant, Conrad J. Benedetto, identifying him as an attorney with an office in Philadelphia, Pennsylvania. (Compl. (ECF No. 2) at 3.)[1] Okpor asserts both federal question and diversity of citizenship jurisdiction, averring that his civil rights have been violated by Benedetto. (*Id*.) Okpor also asserts legal malpractice and breach of contract claims. (*Id*. at 4.) Specifically, Okpor avers that Benedetto, who was the "attorney on [his] case," did not appear in court on January 20, 2017 for a default judgment hearing. (*Id*.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

Okpor contends that in late 2014, he sustained "very serious injuries" following a physical assault by "Roberto Lobonavaro." (*Id.*) Okpor filed a civil complaint in the Superior Court of New Jersey against Lobonavaro and avers that Lobonavaro "default[ed] on the case." (*Id.*) Okpor contends that "Judge Anthony M. Pugliese schedule[d] default judgement hearing three times [and his] lawyer, Mr. Conrad Benedito [sic] Esq. decline[d] to appear in court" which resulted in Okpor's complaint being dismissed on January 20, 2017. (*Id.*)

Okpor avers that Benedetto misled him and caused him "to settle with second defendant on the case for only $1000 and later gave $640." (*Id.* at 5.) Okpor asserts that because of Benedetto's "legal malpractice, breach of contract and violation of [his] civil right," Okpor has suffered monetary loss. Okpor demands "$600,000" from Benedetto. (*Id.*)

## II.    STANDARD OF REVIEW

The Court will grant Okpor leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting

*Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Okpor is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

### III. DISCUSSION

#### A. Federal Law Claims

Okpor asserts federal question jurisdiction, contending that his civil rights have been violated by Benedetto. (Compl. at 3.) Given these references, the Court construes his Complaint to be raising claims pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court. Section 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor—depends on whether there is "such a close nexus between the State and the challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2)

whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted).

Okpor has not alleged facts to support a plausible conclusion that Benedetto, who has been identified as an attorney, meets any of the foregoing tests; and nothing in the Complaint suggests any factual or legal basis for considering that Benedetto is a state actor who could be held liable under § 1983 for constitutional violations. Accordingly, because Benedetto is not liable under § 1983, Okpor cannot state a plausible constitutional claim against him. *Kach*, 589 F.3d at 646; *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."). Thus, the Court must dismiss Okpor's constitutional claims against Benedetto with prejudice.

### B. State Law Claims

Okpor asserts state law claims for legal malpractice and breach of contract. (Compl. at 4.) Because the Court has dismissed his federal claims, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any of Okpor's state law claims against his former attorney. Accordingly, the only independent basis for jurisdiction over any such claims would be 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is

some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "The burden of establishing federal jurisdiction rests with the party asserting its existence." *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006)). In some cases, "a plaintiff may allege that the defendant is *not* a citizen of the plaintiff's state of citizenship" after conducting a reasonable investigation into the defendant's citizenship. *Id.* at 107-08.

Although Okpor has alleged that the state of citizenship of both parties is "US citizenship," it appears that Okpor may be a citizen of New Jersey as he has listed his mailing address as Berlin, New Jersey. (Compl. at 2.) However, the citizenship of Benedetto is unknown to the Court; Okpor has merely listed his mailing address as Philadelphia, Pennsylvania. (Compl. at 3.) Okpor's allegations do not explicitly reveal his or Benedetto's state citizenship for purposes of plausibly establishing diversity. Okpor has failed to meet his burden of demonstrating that this Court has subject matter jurisdiction over any state law tort claims he may be raising, and the Court will dismiss any state law claims on that basis. *See Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *DaimlerChrysler Corp.*, 547 U.S. at 342 n.3).

### IV.     CONCLUSION

For the foregoing reasons, the Court will grant Okpor leave to proceed *in forma pauperis* and dismiss his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

Okpor's federal law claims are dismissed with prejudice, and he will not be given leave to amend his federal law claims because amendment would be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). Okpor's state law claims will be dismissed without prejudice for lack of subject matter jurisdiction, and he may file an amended complaint with respect to only his state law claims in the event he can allege a basis for subject matter jurisdiction, namely that there is complete diversity of citizenship among the parties. Alternatively, Okpor may file a complaint in state court so he may proceed on any state law claims in that venue. An appropriate Order follows.