```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


MICHAEL OKPOR                    :         CIVIL ACTION
                                 :
     V.                          :
                                 :
CONRAD J. BENEDETTO              :         NO. 22-906
```

MEMORANDUM

Bartle, J.                                           November 18, 2022

        Plaintiff Michael Okpor, proceeding pro se, brought this legal malpractice and breach-of-contract action against his former attorney, defendant Conrad J. Benedetto.  Earlier this year, the court dismissed Okpor's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for lack of subject matter jurisdiction.  See Okpor v. Benedetto, No. 22-CV-0906, 2022 WL 1121415 (E.D. Pa. Apr. 13, 2022).  Before the court is the motion of Okpor to amend his complaint.

        Okpor commenced this action suit to recover damages arising from Benedetto's allegedly deficient representation in a civil lawsuit he initiated in the Superior Court of New Jersey:

> Okpor contends that in late 2014, he sustained "very serious injuries" following a physical assault by "Roberto Lobonavaro." Okpor filed a civil complaint in the Superior Court of New Jersey against Lobonavaro and avers that Lobonavaro "default[ed] on the case." Okpor contends that "Judge Anthony M. Pugliese schedule[d] default judgement hearing three times [and his] lawyer, Mr. Conrad Benedito [sic] Esq. decline[d] to appear in court" which

>    resulted in Okpor's complaint being
>    dismissed on January 20, 2017.
>
>    Okpor avers that Benedetto misled
>    him and caused him "to settle with second
>    defendant on the case for only $1000 and
>    later gave $640."

Okpor, 2022 WL 1121415, at *1 (citations omitted).

Okpor initially asserted a civil rights claim under 42 U.S.C. § 1983 as well as state-law claims for legal malpractice and breach of contract. As noted above, the court dismissed his action for lack of subject-matter jurisdiction. First, Okpor failed to state a § 1983 claim because Benedetto is not a state actor. Second, the court held that it lacked diversity jurisdiction over Okpor's state-law claims because Okpor had failed to allege Benedetto's citizenship. Third, the court further declined to exercise supplemental jurisdiction over Okpor's state-law claims under 28 U.S.C. § 1367(c).

Okpor has now filed the instant motion for leave to file an amended complaint. Okpor reiterates his claims for legal malpractice and breach of contract but does not assert a § 1983 claim. Rather, the only new allegation is that of Benedetto's Pennsylvania citizenship, presumably included to cure the jurisdictional defect in his state-law claims.

Rule 15(a) of the Federal Rules of Civil Procedure generally permits a plaintiff to seek leave to amend a complaint vulnerable to dismissal before a responsive pleading is filed.

However, a plaintiff is not entitled to such leave if the proposed amendment to the complaint would be futile. Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). Leave to amend is futile when the proposed amended complaint states claims that based on the face of the complaint are apparently time-barred. E.g., Love v. Alfacell Corp., Civ. A. No. 09-5199, 2010 WL 11570268, at *2 (D.N.J. Sept. 22, 2010) (citing In re NAHC, Inc., Sec. Litig., 306 F.3d 1314, 1332 (3d Cir. 2002)).

The court applies the choice-of-law rules of Pennsylvania, the forum state, to diversity jurisdiction actions. Frankentek Residential Sys., LLC v. Buerger, 15 F. Supp. 3d 574, 580 (E.D. Pa. 2014). This includes the rules that Pennsylvania courts use to determine the proper statute of limitations to apply to a claim that accrues in another state. Id. Specifically, Pennsylvania has enacted a so-called borrowing statute: "The period of limitation applicable to a claim accruing outside this Commonwealth shall be either that provided or prescribed by the law of the place where the claim accrued or by the law of this Commonwealth, whichever first bars the claim." 42 Pa. Cons. Stat. § 5521(b).

Pennsylvania has a two-year statute of limitations for tortious conduct such as legal malpractice and a four-year statute of limitations for breach-of-contract actions. 42 Pa. Cons. Stat. §§ 5524, 5525. The statute of limitations for both

claims under New Jersey law is six years.  N.J. Stat. Ann. § 2A:14-1.  Pennsylvania's borrowing statute requires the court to apply whichever state's limitations period "first bars the claim."  § 5521(b).  Thus, the court must apply the Pennsylvania limitations periods to Okpor's claims because they are shorter than their New Jersey counterparts.

The claims that Okpor asserts in his amended complaint are clearly barred by Pennsylvania's statute of limitations.  Okpor's legal malpractice and breach-of-contract claims accrued no later than January 20, 2017, when his New Jersey state-court complaint was dismissed.  Okpor commenced this suit on March 8, 2022, well beyond Pennsylvania's two-year limitations period for legal malpractice claims and four-year limitations period for breach of contract claims.  Okpor does not allege any basis for tolling these time periods.  Accordingly, Okpor's claims are time-barred, and the motion of Okpor to amend his complaint will be denied as futile.